```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

LEE FOSTER,                        }
                                   }
     Plaintiff,                    }
                                   }     CIVIL ACTION NO.
v.                                 }     06-AR-0765-S
                                   }
SHERIFF CHRIS CURRY, in his        }
personal and official              }
capacity, et al.,                  }
                                   }
     Defendants.                   }
```

## MEMORANDUM OPINION

Although the caption in the above-entitled case does not list "Shelby County Sheriff's Department" as a defendant, paragraph no. 9 of the complaint names it as a defendant separate from defendant, Sheriff Chris Curry.  Understandably, nothing called "Shelby County Sheriff's Department" has joined the other defendants in their motion to dismiss because it has not been served and is not a suable entity.  The action insofar as it may seek any relief from the said non-entity will be dismissed with or without a motion.

The motion to dismiss filed by the three served defendants, who are sued both in their individual and official capacities, was accompanied by a comprehensive memorandum brief.  The motion was set for hearing on this court's regular motion docket of this date.  Plaintiff filed nothing in response to defendants' motion and did not appear at the motion docket.

A plaintiff must be given the benefit of the doubt when his complaint is being considered under Rule 12(b)(6) attack.  The court has endeavored to find one or more theories of liability upon which plaintiff has stated a viable claim against one or more defendants in any capacity, but has been unable to find any.  The court sees no purpose to be served in writing an opinion in which it does no more than to expressly agree with defendants' analysis of the complaint and with the authorities they cite, or in which it supplements defendants' criticisms with a few criticisms of its own.  Simply put, there are too many shortcomings in this complaint, insurmountable by any possible amendment this court can conceive, to allow the case to proceed. To invite an amendment would only be to invite futility.

A separate order of dismissal will be entered.

DONE this 19th day of May, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE